

**Rob Bonta**
Attorney General

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-7836
Facsimile: (916) 324-8835
E-Mail: Jerry.Yen@doj.ca.gov

July 22, 2024

**VIA ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Nguyen, et al. v. Bonta, et al.*, No. 24-2036
<u>Citation of Supplemental Authority</u>

Dear Ms. Dwyer:

Appellant writes to notify the Court of the 8-1 decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). The Supreme Court rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(8)(C)(i), which prohibits individuals subject to certain domestic violence restraining orders from possessing a firearm.

*Rahimi* reiterated that "'the right secured by the Second Amendment is not unlimited,'" does not "sweep indiscriminately," and is "not a right to keep and carry any weapon whatsoever." 144 S. Ct. at 1897. The Court recognized that "some courts have misunderstood the methodology of" *Bruen* and *Heller*, which "were not meant to suggest a law trapped in amber." *Id*. It criticized the Fifth Circuit (and the dissenting Justice) for committing the "error[]" of "read[ing] *Bruen* to require a 'historical twin' rather than a 'historical analogue.'" *Id*. at 1903. That is the same error committed by the district court in this case. OB 32-35.

As the Supreme Court explained, "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." 144 S. Ct. at 1898; *see id*. at 1925 (Barrett, J. concurring) ("'Analogical reasoning' under *Bruen* demands a wider lens: Historical regulations reveal a principle, not a mold."). In ascertaining those principles, moreover, it is appropriate to consider post-ratification laws and practices. *See, e.g., id*. at 1899-1901.

Applying the appropriate methodology, the Court had "no trouble concluding" that the historical analogues invoked by the government were sufficient to justify the challenged law, 144

July 22, 2024
Page 2

S. Ct. at 1902, even though those analogues were "by no means identical" to Section 922(g)(8)(C)(i), *id*. at 1901. Here, the principle that emerges from historical laws is that governments may regulate the sale of weapons "to ensure . . . that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens'" who are authorized to keep and bear arms. *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 38 n.9 (2022); *see also* OB 24-32; Reply 19-24. That principle justifies the challenged sales regulation.

        Sincerely,

        */s/ Jerry T. Yen*

        JERRY T. YEN
        Deputy Attorney General

For    ROB BONTA
        Attorney General

Attachment.

cc: All Counsel of Record (via ACMS)