

## THE DIGUISEPPE LAW FIRM, P.C.

Office Address: 116 N. Howe Street, Suite A, Southport, NC 28461
Mailing Address: P.O. Box 10790, Southport, North Carolina 28461
(tel.) 910-713-8804 / (fax) 910-672-7705 / (email) law.rmd@gmail.com
*Principal Attorney Raymond DiGuiseppe is licensed to practice in CA, D.C., N.C., and N.Y.*
_____

July 27, 2024

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:**   *Nguyen, et al. v. Bonta, et al., Case No. No. 24-2036*
   **Response to Defendants-Appellants' Notice of Supplemental Authority Pursuant to FRAP 28(j) and Circuit Rule 28-6**

Dear Hon. Clerk Dwyer:

Defendants-Appellants cite the opinion in *United States v. Rahimi*, 144 S. Ct. 1889 (2024) (*Rahimi*), for the proposition that California's one-gun-per-month ("OGM") law is constitutional based on the "historical" principle that "governments may regulate the sale of weapons 'to ensure . . . that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens'" "who are authorized to keep and bear arms." Dkt. No. 43.1 at 1-2 (quoting *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 38 n.9 (2022)).

In *Rahimi*, the court "conclude[d] only this: An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." 144 S. Ct. at 1903; *see id.* at 1910 (Gorsuch, J., concurring) ("[O]ur opinions must 'be taken in connection with the case in which those expressions are used,' [citations], and may not be 'stretch[ed] ... beyond their context,' [citations]."). The reason



## THE DIGUISEPPE LAW FIRM, P.C.

Office Address: 116 N. Howe Street, Suite A, Southport, NC 28461
Mailing Address: P.O. Box 10790, Southport, North Carolina 28461
(tel.) 910-713-8804 / (fax) 910-672-7705 / (email) law.rmd@gmail.com
*Principal Attorney Raymond DiGuiseppe is licensed to practice in CA, D.C., N.C., and N.Y.*
_____

for this narrow ruling was clear and context-specific: under the law at issue, "the Second Amendment right may only be burdened once a defendant has been found to pose a credible threat to the physical safety of others," and "our Nation's tradition of firearm regulation distinguishes citizens who have been found to pose a credible threat to the physical safety of others from those who have not." *Id.* at 1902.

The OGM law broadly applies to the entire public, including all law-abiding citizens like Plaintiffs here, with no individualized assessment of dangerousness and regardless of whether a person is considered "responsible." *See Rahimi*, 144 S. Ct. at 1903 (generally rejecting the notion that firearm restrictions can be based on whether a person is or is not considered "responsible" because " '[r]esponsible' is a vague term"). Further, this law is entirely without any "relevantly similar" precedent: fundamentally, the "how" and the "why" of any purported analogue must involve a restriction on the frequency or quantity of firearm acquisitions over time by ordinary citizens, *see Rahimi*, 144 S. Ct. at 1901, and it is undisputed that no such restrictions existed until the 1970s.

Respectfully submitted,

*/s/ Raymond M. DiGuiseppe*
Raymond M. DiGuiseppe
Counsel for Plaintiffs-Appellees