

**Rob Bonta**
*Attorney General*

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013-1230

Public: (213) 269-6000
Telephone: (213) 269-6106
Facsimile: (916) 324-8835
E-Mail: Christina.Lopez@doj.ca.gov

September 18, 2024

**VIA ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Nguyen, et al. v. Bonta, et al.*, No. 24-2036
     Citation of Supplemental Authority

Dear Ms. Dwyer:

Appellants write to notify the Court of the Fourth Circuit's en banc decision in *Maryland Shall Issue, Inc. v. Moore*, 2024 WL 3908548 (Aug. 23, 2024). The Fourth Circuit rejected a facial challenge to a Maryland statute requiring a license to purchase a handgun. *Id*. at *13. Under the statute, individuals must pass a firearms safety course before applying for a handgun qualification license, and officials are granted 30 days to review the application. *Id.* at *1-2.

The Fourth Circuit rejected plaintiffs' facial challenge, concluding that Maryland's law qualifies as a presumptively lawful "shall-issue" licensing law that does not "infringe[],or effectively den[y], the Second Amendment right." 2024 WL 3908548 at *1, 9 (marks omitted). The court rejected plaintiffs' claim that the statute imposes "lengthy" wait times that extend "longer than 30 days." *Id.* at *11. The court noted that "facial challenges are disfavored" and that plaintiffs must "establish that there is no set of circumstances under which the law would be valid." *Id*. at *10 (marks omitted). Applying that standard, the court concluded that the statute would be constitutional in at least "*some* set of circumstances" because the processing times vary, and many licenses are processed well short of "the permissible processing periods cited by the Supreme Court in *Bruen*." *Id*. at *11 (marks omitted; citing *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 13, n.1 (2022)); *e.g.*, Ohio Rev. Stat. § 2923.125(D)(1) (45 days); Wash. Rev. Code § 9.41.070(1) (30-60 days); *see also* OB 17-19; Reply 8-10.

Concurring in the judgment, three judges would have upheld the Maryland statute after conducting a historical analysis because the statute is "comparable to historical regulations restricting certain persons' ability to possess and publicly carry weapons because of the danger they posed." 2024 WL 3908548 at *15 (Rushing, J. concurring). Although a licensing law is somewhat "different from historical laws that prohibited dangerous persons from keeping or

September 18, 2024
Page 2

carrying weapons," the concurring judges observed that the law was still "analogous enough to pass constitutional muster." *Id.* at *17; *see also* OB 24-28, 31; Reply 19-24. Two judges dissented.

                                  Sincerely,

                                  */s/ Christina R.B. López*

                                CHRISTINA R.B. LÓPEZ
                                Deputy Attorney General

                 For    ROB BONTA
                          Attorney General

cc:   All Counsel of Record (via ACMS)