

**THE DIGUISEPPE LAW FIRM, P.C.**

Office Address: 116 N. Howe Street, Suite A, Southport, NC 28461
Mailing Address: P.O. Box 10790, Southport, North Carolina 28461
(tel.) 910-713-8804 / (fax) 910-672-7705 / (email) law.rmd@gmail.com
*Principal Attorney Raymond DiGuiseppe is licensed to practice in CA, D.C., N.C., and N.Y.*

_____

September 20, 2024

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** *Nguyen, et al. v. Bonta, et al.*, Case No. No. 24-2036
Response to Defendants-Appellants' Notice of Supplemental Authority Pursuant to FRAP 28(j) and Circuit Rule 28-6

Dear Hon. Clerk Dwyer:

Defendants-Appellants cite the Fourth Circuit's opinion *in Maryland Shall Issue, Inc. v. Moore*, 2024 WL 3908548 as "supplemental authority" pertinent to the resolution of this case. However, this non-binding, sharply divided opinion from another circuit can provide no support for upholding California's unconstitutional one-gun-per-month ("OGM") law.

Indeed, Defendants-Appellants' own digest of the case flags two major distinguishing factors of Maryland's "shall-issue" handgun-purchaser licensing scheme. First, "many licenses are processed well short" of the 30-day period that officials are granted to review licensing applications, Rule 28(j) Letter at 1, and in reality, "the process for obtaining a handgun qualification license can take only a few days"—even as little as "within 24 hours of submission," *Maryland Shall Issue*, 2024 WL 3908548 at *11. Second, Defendants-Appellants highlight the concurring opinion that the Maryland

Page **1** of **2**



## THE DIGUISEPPE LAW FIRM, P.C.

Office Address: 116 N. Howe Street, Suite A, Southport, NC 28461
Mailing Address: P.O. Box 10790, Southport, North Carolina 28461
(tel.) 910-713-8804 / (fax) 910-672-7705 / (email) law.rmd@gmail.com
*Principal Attorney Raymond DiGuiseppe is licensed to practice in CA, D.C., N.C., and N.Y.

___

statute is " 'comparable to historical regulations restricting certain persons' ability to possess and publicly carry weapons because of the danger they posed.' " *Id.* (quoting *Maryland Shall Issue*, 2024 WL 3908548 at *15) (Rushing, J. concurring). In fact, Maryland "relie[d] on the tradition of regulating firearm possession by dangerous individuals" and that history demonstrates "certain dangerous individuals may be prohibited from possessing firearms at all, not just from carrying them publicly." 2024 WL 3908548 at *16. Notably too, there, "no one dispute[d] that the law contains only 'narrow, objective, and definite standards' for distinguishing between individuals prohibited from receiving a handgun and everyone else." *Id.* at *18 (quoting *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 38 n.9 (2022)).

     Here, by sharp contrast, it is and always has been undisputed that the OGM law is *not* narrowly designed to target solely prohibited persons; nor has there ever been any claim or evidence that the law ever operates as anything less than a purchase ban continuously persisting for a full 30 days. Instead, the 30-day purchase ban of the OGM law broadly applies to all ordinary law-abiding people with no individualized assessment of dangerousness and thus without any exception for or distinction "between individuals prohibited from receiving a handgun and everyone else."

     Respectfully submitted,

     */s/ Raymond M. DiGuiseppe*
     Raymond M. DiGuiseppe
     Counsel for Plaintiffs-Appellees