No. 24-2036

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHELLE NGUYEN, ET AL.,
*Plaintiffs-Appellees*,

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS THE
CALIFORNIA ATTORNEY GENERAL, ET AL.,
*Defendants-Appellants*.

**On Appeal from the United States District Court
for the Southern District of California**
No. 3:20-cv-02470-WQH-MMP
The Honorable William Q. Hayes, Judge

**DEFENDANTS-APPELLANTS' UNOPPOSED MOTION FOR
EXTENSION OF TIME TO FILE PETITION FOR PANEL
REHEARING OR REHEARING EN BANC;
DECLARATION OF JERRY T. YEN**

ROB BONTA
*Attorney General of California*
THOMAS S. PATTERSON
*Senior Assistant Attorney General*
ANTHONY R. HAKL
*Supervising Deputy Attorney General*

JERRY T. YEN
*Deputy Attorney General*
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7836
  Fax: (916) 324-8835
  Email: Jerry.Yen@doj.ca.gov
*Attorneys for Defendants-Appellants Rob Bonta and Allison Mendoza, in their official capacities*

June 26, 2025

## MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR PANEL REHEARING OR REHEARING EN BANC

Pursuant to Ninth Circuit Rule 31-2.2, Defendants-Appellants respectfully submit this motion for an extension of time of 30 days in which to file a petition for panel rehearing or rehearing en banc in this appeal, up to and including August 6, 2025. The requested extension will allow Defendants-Appellants sufficient time to consider whether to file a petition for panel rehearing or rehearing en banc. Defendants-Appellants have not previously requested an extension of time to file a petition. *See* Declaration of Jerry T. Yen ("Yen Decl.") ¶ 3. Plaintiffs-Appellees do not oppose the requested extension. *Id.* ¶ 5.

This case involves a constitutional challenge to a California law limiting the purchase of firearms from licensed firearms dealers to the purchase of one firearm every thirty days, codified in California Penal Code sections 27535 and 27540(f). The district court issued an order permanently enjoining enforcement of the law, and Defendants-Appellants appealed. Defendants-Appellants also filed a motion to stay the district court's injunction and judgment pending appeal. Dkt. 4. The Court granted the motion to stay, and sua sponte expedited this appeal. Dkt. 9. This appeal was argued and submitted on August 14, 2025. On August 15, 2025, a panel of this Court reversed the order granting the motion to stay and the district court's injunction went into effect. Dkt. 46.

1

On June 20, 2025, the panel issued a published opinion affirming the district court's decision. Dkt. 54. The panel concluded that California's law is facially unconstitutional because the plain text of the Second Amendment protects the ability to acquire multiple firearms. *Id*. at 5, 11. It further concluded that the law was not supported by the historical record and this nation's tradition of firearms regulation. *Id*. at 5, 24.

The current deadline to seek panel rehearing or rehearing en banc is July 7, 2025.[1] *See* Fed. R. App. P. 40(d)(1). This Court may extend that due date for good cause, including a showing of diligence and substantial need. *See* 9th Cir. R. 31-2.2(b); *see also* Fed. R. App. P. 26(b), 40(d)(1).

Defendants-Appellants are carefully analyzing the panel's decision to determine whether the filing of a petition for panel rehearing or rehearing en banc is warranted. *See* Fed. R. App. P. 40(b)(2) and (c). This case involves important questions regarding the constitutionality of a state firearm law enacted to curtail the illegal gun market. The decision on whether to file a petition requires careful deliberation and consultation among multiple sections within the California Attorney General's Office, as well as multiple levels of internal approval. *See* Yen Decl. ¶ 3. The requested extension of time accounts for both the internal approval

---

[1] Given that the 14th day after the panel issued its opinion falls on July 4, 2025, the deadline to file a petition for rehearing or rehearing en banc was continued to July 7, 2025. *See* Fed. R. App. P. 26(a)(1)(C).

process and for the future work involved in preparing and finalizing a petition for panel rehearing or rehearing en banc, which must also undergo a very detailed review and approval process, if the Attorney General's Office determines to file a petition. *Id*. ¶¶ 3, 4. The requested extension will also ensure that the petition, if filed, will present the issues in a way that will be most helpful to the Court.

For these reasons, Defendants-Appellants respectfully request a thirty-day extension, until August 6, 2025, to consider and, if necessary, prepare and file such petition.

Dated: June 26, 2025    Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/S JERRY T. YEN*

JERRY T. YEN
Deputy Attorney General
*Attorneys for Defendants-Appellants Rob Bonta and Allison Mendoza, in their official capacities*

3

# DECLARATION OF JERRY T. YEN IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR PANEL REHEARING OR REHEARING EN BANC

1. I am a Deputy Attorney General in the California Department of Justice, and an attorney of record for Defendants-Appellants in this case. I have personal knowledge of the facts stated in this declaration.

2. On June 20, 2025, the panel issued a published opinion in this case. Dkt. 54. The current deadline to file a petition for panel rehearing or rehearing en banc is July 7, 2025.

3. Defendants-Appellants are considering whether to file a petition at this time. Defendants-Appellants request a 30-day extension of time to consider and, if necessary, file a petition for rehearing or rehearing en banc. The requested extension accounts for both the review and approval process for the decision to file a petition and the work involved in preparing and finalizing a petition for rehearing en banc, which must undergo a very detailed review and approval process as well. An extension is necessary because assessing whether to seek further review requires a careful and in-depth process, including by multiple components of the Office of the Attorney General, including the Office of the Solicitor General and the Executive Office. Defendants-Appellants have not previously sought an extension to file a petition.

2

4. I believe a 30-day extension of time will allow sufficient time to complete necessary deliberations and prepare a petition, if one is internally approved. A 30-day extension would result in a new deadline to file the petition of August 6, 2025. Given that the district court's injunction is in effect, I am not aware of any prejudice to Plaintiffs-Appellees that would result from granting this extension.

5. On June 24, 2025, I contacted Plaintiffs-Appellees' counsel to see if they would object to a 30-day extension of the deadline to file a petition. In a June 25, 2025 e-mail, counsel for Plaintiffs-Appellees informed me that his clients do not object to the requested extension.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Sacramento, California, on June 26, 2025.

/s/ Jerry T. Yen
Jerry T. Yen

2

## CERTIFICATE OF SERVICE

I certify that on June 26, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the Appellate Case Management System (ACMS). I certify that all other participants in this case are registered ACMS users and that service will be accomplished by the ACMS.

Dated: June 26, 2025              */s/ Jerry T. Yen*